NOREEN A. MAJESKE and LEONARD MICHAEL MAJESKE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Majeske v. Commissioner
Docket No. 8393-76.
United States Tax Court
T.C. Memo 1977-397; 1977 Tax Ct. Memo LEXIS 46; 36 T.C.M. (CCH) 1614; T.C.M. (RIA) 770397; November 15, 1977, Filed *46 Leonard Michael Majeske, pro se. Willard J. Frank, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in petitioners' Federal income taxes as follows: Year
Deficiency
1972
$285.17
1973
289.46
1974
620.87
We are to decide whether petitioners may deduct certain unsubstantiated medical expenses and charitable contributions. FINDINGS OF FACT Some facts have been stipulated and are so found. Petitioners, Leonard Michael and Noreen A. Majeske, resided in Hazardville, Connecticut, at the time the petition herein was filed. Petitioners are cash basis taxpayers and filed joint Federal income tax returns for the years in issue with the Andover Service Center, Andover, Massachusetts. Petitioners claimed the following deductions for medical and dental expenses on their joint returns for the years in issue: Year
Amount Claimed as a Deduction
1972
$1,296.23
1973
1,157.83
1974
1,252.54
In addition, petitioners claimed as a deduction on their joint return for 1974, charitable contributions in the amount of $962. Respondent, in a statutory notice of *47 deficiency, disallowed all of the aforementioned deductions due to petitioners' failure to substantiate them. OPINION At issue is the deductibility of certain unsubstantiated medical expenses and charitable contributions claimed by petitioners. The burden of proof is on petitioners to substantiate the deductions claimed on their Federal income tax returns. . While petitioner Leonard Michael Majeske appeared at trial and testified on petitioners' behalf, he made no effort to substantiate any of the amounts involved through the introduction of records or otherwise. Petitioners instead, rely exclusively upon the argument proffered in their petition and pursued at trial, to the effect that the Federal income tax laws are discriminatory and, hence, unconstitutional. In a previous appearance before this Court involving an earlier year, petitioners presented the same argument on a substantially identical issue. [1] See . In that case we rejected petitioners' discrimination argument. We find it equally unpersuasive in this case for the reasons expressed therein. *48 Petitioners having offered no evidence to substantiate the deductions claimed, the deficiency must be sustained. Decision will be entered for the respondent. Footnotes
1. The issue presented in the earlier case involved the substantiation of medical expenses and state and local income taxes.↩